IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.                                                   CASES NO.  4:14cr81-RH-CAS
                                                                4:17cv359-RH-CAS
BRIAN C. SANDERS,

      Defendant.

_____/

# ORDER DENYING THE § 2255 MOTION AND DENYING A CERTIFICATE OF APPEALABILITY

      A jury convicted the defendant Brian C. Sanders of possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g). He was sentenced and appealed. The United States Court of Appeals for the Eleventh Circuit affirmed. Mr. Sanders now has filed a timely first motion for relief under 28 U.S.C. § 2255. The motion is before the court on the magistrate judge's report and recommendation, ECF No. 103, and the objections, ECF No. 104. The objections have been reviewed de novo.

      This order accepts the report and recommendation, adopts it as the court's opinion with the three limitations noted below, and denies the § 2255 motion.

I

The offense of conviction—the possession of a firearm—occurred at a carwash. Mr. Sanders had engaged in other conduct earlier in the day at a beauty salon. Mr. Sanders objected to introduction of evidence of the beauty-salon conduct both at trial and on direct appeal, but the Eleventh Circuit held that admission of the evidence was proper.

Mr. Sanders did not request a limiting instruction for that evidence. The Eleventh Circuit held the failure to give a limiting instruction was not error because one had not been requested. Mr. Sanders now asserts his attorney rendered ineffective assistance by failing to request a limiting instruction. To prevail on an ineffective-assistance claim, a defendant must show of deficient performance and prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

This claim is unfounded for two reasons. First, the failure to request such an instruction was not deficient. Defense attorneys often choose—wisely—not to request limiting instructions, which can serve to highlight evidence or suggest permissible uses of evidence that are unfavorable to the defense. Second, the failure to request an instruction caused no prejudice; a limiting instruction would have made no difference.

These are the grounds on which this claim is rejected. The report and recommendation's suggestion that a limiting instruction might not have been given if requested is not a basis for the ruling.

Cases No.  4:14cr81-RH-CAS and 4:17cv359-RH-CAS

II

An officer testified to what he was told by a barber, Carlos Baker, about Mr. Sanders's conduct at the beauty salon. Mr. Sanders asserts this was inadmissible hearsay and that his attorney rendered ineffective assistance by failing to object.

The officer volunteered the testimony in response to an unobjectionable question: "what did you do next?" (Tr., ECF No. 66 at 29.)  Had the government's attorney asked what Mr. Baker said, Mr. Sanders's attorney probably would have objected, and I would have sustained the objection. But after the testimony was volunteered, the defense attorney's decision to let it pass was not deficient; objecting likely would have highlighted the testimony and might have made it seem more important. A motion to strike, at that time or later, likely would have had the same effect.

The attorney's failure to object or move to strike also caused no prejudice. Mr. Baker himself later testified to Mr. Sander's conduct, giving an account very much in line with the officer's testimony about what Mr. Baker said at the time of the events. Sometimes evidence of a contemporaneous statement enhances the credibility of testimony given at trial; sometimes evidence of the contemporaneous statement matters. Here, though, the officer's fleeting testimony about what Mr. Baker said could not have made a difference.

These are the grounds on which this claim is rejected. The report and recommendation's conclusion that the officer's testimony about Mr. Baker's statement was admissible is not a basis for the ruling.

### III

Mr. Sanders was convicted of violating 18 U.S.C. § 922(g). That statute prohibits possession of a firearm by nine categories of individuals. One category of prohibited individuals consists of felons. Under the law of the circuit at the time of Mr. Sanders's trial, the government was required to prove in a 922(g) prosecution for possessing a firearm as a convicted felon that the defendant was a convicted felon and knowingly possessed a firearm, but the government was not required to prove that the defendant knew he was a felon or knew that a felon was prohibited from possessing a firearm. The jury was properly instructed on this under the law of the circuit at that time.

Later, in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), the Supreme Court held that in a 922(g) prosecution of an alien unlawfully in the United States, the government was required to prove not only that the defendant knowingly possessed a firearm and was an alien unlawfully in the United States, but also that the defendant *knew* he was an alien unlawfully in the United States. The government still did not have to prove the defendant knew that an alien unlawfully in the United States was not allowed to possess a firearm.

Cases No.  4:14cr81-RH-CAS and 4:17cv359-RH-CAS

*Rahaif* plainly applies not just to 922(g) prosecutions of aliens but also to 922(g) prosecutions of felons. If Mr. Sanders was tried anew today, the government would be required to prove beyond a reasonable doubt that Mr. Sanders knew he was a convicted felon when he possessed the firearm. The government would not be required to prove that Mr. Sanders knew it was illegal for a felon to possess a firearm.

Under the law of the circuit, *Rehaif* is not retroactively applicable on collateral review. *See In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019). But the government has conceded *Rehaif* is retroactive; this order assumes without deciding that the concession is binding in this case. Even so, the substantive *Rehaif* issue—the issue of whether the government was required to prove Mr. Sanders's knowledge that he was a convicted felon—was procedurally defaulted when not raised at trial and on direct appeal. Mr. Sanders now could obtain relief only by showing "cause and actual prejudice" or that he is "actually innocent." *Bousley v. United States*, 523 U.S. 614, 622 (1998) (internal quotation marks omitted) (quoting *Murray v. Carrier*, 477 U.S. 478, 485, 496 (1986)). A *Rehaif* error, without more, does not establish actual innocence. *See In re Wright*, 942 F.3d 1063, 1065 (11th Cir. 2019).

Mr. Sanders cannot make the required showing. He had four prior felony convictions. This would have allowed the jury to find that Mr. Sanders knew he

was a convicted felon. Indeed, such a finding would have been nearly inescapable. Even now, Mr. Sanders has suggested no plausible basis for any assertion he did not know he was a convicted felon. Had *Rehaif* been decided before this trial, the jury instructions would have been different than those that were given, but otherwise the trial would have been the same. Mr. Sanders's defense still would have been that he did not possess the gun at issue; asserting he was unaware of his felony convictions would only have undermined the credibility of the defense.

The failure to instruct on an element of an offense is subject to harmless-error review. *See, e.g.*, *United States v. Gutierrez*, 745 F.3d 463, 471 (11th Cir. 2014) ("Failure to instruct the jury on an essential element of the offense charged does not constitute reversible error if the failure to instruct is harmless."); *see also United States v. Gomez*, 580 F.3d 1229, 1233 (11th Cir. 2009) ("The failure to instruct a jury on an essential element of an offense is harmless when it is clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error.") (internal quotation marks omitted). Here, the failure to instruct that Mr. Sanders was guilty only if he knew, when he possessed this firearm, that he was a convicted felon was harmless.

IV

A defendant may appeal the denial of a § 2255 motion only if the district court or court of appeals issues a certificate of appealability. Under 28 U.S.C.

Cases No.  4:14cr81-RH-CAS and 4:17cv359-RH-CAS

§ 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (setting out the standards applicable to a § 2254 petition on the merits). As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."

529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4). Further, in order to obtain a certificate of appealability when dismissal is based on procedural grounds, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

    The defendant has not made the required showing. This order thus denies a certificate of appealability.

    IT IS ORDERED:

1. The clerk must enter a judgment stating, "The defendant's motion for relief under 28 U.S.C. § 2255 is denied."

2. A certificate of appealability is denied.

SO ORDERED on April 15, 2020.

s/Robert L. Hinkle
United States District Judge
